LINDSAY v. HYATT and others.

Before the revised statutes, there was no statute expressly limiting the time to bring suits in equity. Still, a claim, arising before the revised statutes, is affected by them and will run from their passage. The court, on a demurrer which stands upon the statute of limitations, will take official notice of the date of the jurat to the bill.

On the 12th of April, 1825, a money-bond was given by an incorporated company, under their seal, payable to J. L. D. or order five months after date. It was assigned to the complainant. The association became insolvent; and the complainant now filed a bill to compel payment from directors and stockholders. On demurrer, *It was held:* that the present was not a claim of a purely equitable character; and that, in this case, the six years mentioned in the statute of limitations (R. S.) within which actions on simple contract are to be brought, applied; and not the ten years therein mentioned: as the defendants could not be sued strictly on the bond, but, if at all, only on the footing of partners or joint dealers contracting a debt.

THE complainant, Margaret Lindsay, showed by her bill, which was filed the thirty-first day of July one thousand eight hundred and forty, that about the twelfth day of April in the year one thousand eight hundred and twenty-five, a certain company, called "The United States Lombard Association," was incorporated by statute and did business in the city of New York. That the act by which it was incorporated was declared to be a public statute. That Thomas Hyatt, Samuel D. Jackson, Daniel P. Ingraham, &c. &c., (naming several persons and, among them, the defendants,) became large stockholders and directors and so represented themselves to the public, while the defendant Thomas Hyatt held himself out as president and Samuel D. Jackson as secretary of the said association. That, while such persons were stockholders and directors and on or about the first day of April in the year one thousand eight hundred and twenty-six, the said Lombard Association made, executed, delivered and issued, under their seal, their certain bond of that date, condition to pay to Jacob L. Dickenson or order, five months after date, one thousand dollars, with six per cent. interest. Also, that the value of the said bond had been received by the association. That before

*July* 19, 1842.

*Statute of Limitations.*

this bond fell due, she, the complainant, received the same of a broker, who the complainant believed to have been the agent of the said association and to whom she paid a valuable consideration. That, before the bond fell due, the said Lombard Association failed ; and it had never been paid. That Thomas Hyatt, Samuel D. Jackson, Daniel P. Ingraham, &c. &c. (defendants) who had been such directors and stockholders, were liable and abundantly able to pay the amount of principal and interest due on the said bond : *Prayer*, for payment. The defendants respectively demurred. It will be sufficient to set forth only the demurrer interposed by the defendant Daniel P. Ingraham. He, for causes of demurrer, showed that the complainant's bill did not contain any matter of equity whereon this court could ground any decree in favor of the said complainant. And also that, by the allegations in the said bill of complaint, it appeared that the said complainant had in her possession, custody or power the said alleged bond in the said alleged bill mentioned. And that it was not averred therein that the said complainant had need of any discovery to enable her to establish the matters stated and alleged in the said bill ; and, therefore, if any demand she rightfully had, which the defendant did in nowise admit, she, the said complainant, had a remedy therefor at law. And also for that it was stated and alleged in and by the said bill that the said demand or cause of action or suit in the said bill mentioned and every part thereof accrued to the said complainant more than three years next before the filing of the said bill of complaint and more than six years next before the filing thereof and more than ten years next before the filing thereof. And it was not alleged or stated in the said bill of complaint that, at the time such alleged demand or cause of action or suit in the said bill of complaint mentioned or any part thereof accrued to the said complainant as in the said bill alleged, she, the said complainant, was within the age of twenty-one years, a feme covert, insane or imprisoned ; nor was it alleged or stated in the said bill of complaint that this defendant Daniel P. Ingraham was out of this state or was not an inhabitant thereof or was not usually resident within the same at the time the said

alleged demand or cause of action or suit in the said bill mentioned or any part thereof accrued to the said complainant, as alleged in the said bill of complaint or at any time within ten years next before the filing of the said bill of complaint. Nor was it alleged or stated in the said bill that the said complainant was, at the accruing unto her of the said alleged demand or cause of action or suit in the said bill mentioned or any part thereof or at any time within ten years next before the filing of the said bill of complaint, under any of the disabilities or hindered by any of the impediments to prosecution mentioned in the statutes of the state of New York existing at or since the time of the accruing of such alleged demand or cause of action or suit for the limitation of actions in that behalf; and, therefore, she, the said complainant, was not entitled to maintain her said bill of complaint or to any decree or relief thereon in this court. Wherefore, &c.

Mr. *L. Hoyt* and Mr. *O'Conor*, for the respective defendants and in support of their demurrers.

Mr. *J. B. Scoles* and Mr. *Staples*, for the complainant.

THE VICE-CHANCELLOR :—The bill shows that the demand in question accrued to the complainant in the year one thousand eight hundred and twenty-six. The liability attempted to be enforced arose at that time. Then, there was no statute of limitations expressly applicable to the court of chancery. But, in the revised statutes, which took effect in January one thousand eight hundred and thirty, the time for commencing suits in this court was expressly limited, in cases of concurrent remedy, to the same time allowed for bringing actions in a court of law ; and, in all other cases of exclusive cognizance in equity, to ten years : 1 R. S. 301, § 49 to 52.

The time which elapsed upon this demand before the passing of this statute, that is to say, from the year one thousand eight hundred and twenty-six to one thousand eight hundred and thirty, is not to be taken into the account, yet the statute began to run and attached itself to the de-

*Margin notes:* 1842. LINDSAY *v.* HYATT. Feb. 1843.

1842.

LINDSAY
v.
HYATT.

mand, though a previously existing one, from January one thousand eight hundred and thirty, and the bill in this cause was not filed—according to the date of the jurat which the court, on demurrer, will officially notice—until the thirty-first day of July one thousand eight hundred and forty, a period of two years and six months from the time the statute began to run. If, then, this is a demand of exclusively equitable cognizance, it was barred by the statute, at least, six months before the bill was filed ; and there is nothing stated in the bill to bring the case within any of the exceptions arising from disability or otherwise as provided by the statute.

But this is not a case of a purely equitable demand. The act of incorporation of the Lombard Association (Laws of 1825, p. 184, § 14,) declares that the directors and stockholders of the corporation may be sued and prosecuted for the debts of the corporation either at law or in equity in the same manner as though they were joint debtors or copartners. Here, there is a concurrent jurisdiction declared, and if there is any section of the statute which bars the remedy at law, the same is a bar in this court.

Since the opinion of Chief Justice Nelson in *Van Hook* v. *Whitlock*, in Error, 26 Wend. R. 43, I will not presume to say that the three years limitation applies, but it appears to me that the six years within which actions on simple contract indebtedness must be brought, does apply. The liability of the defendants arises from the terms of the act of incorporation, which puts them on the same footing as partners or joint dealers contracting a debt and as if no act incorporating them existed. The bond or sealed instrument of the corporation, which the complainant holds, is not the bond or sealed instrument of the defendants which can be declared on as such against them in an action at law. In such an action, the declaration must be in case founded on the statute, and the bond, if valid at all, may be given in evidence as proof of the indebtedness of the corporation. The form of the action and the nature of the liability to be enforced fall within the provisions of the statute which takes away the right to sue after six years.

Other objections, in support of the demurrer, are taken :

1842.

LINDSAY
v.
HYATT.

such as the entire invalidity of the bond as being unautho-
rized by the company's charter, its illegality in that respect,
and the want of a proper assignment to the complainant.  I
am at a loss to perceive where the corporation got its autho-
rity for the issuing such paper and am inclined to think the
complainant is bound to show it originated in a *bona fide*
actual indebtedness of the company or for a consideration
lawful in itself and passing between the complainant and
the company.   But these points of the case need not be con-
sidered, since I am of opinion the statute of limitations, upon
the complainants' own showing, protects the defendants.

Demurrers allowed and bill dismissed, with costs.